Chancellor H. Rutledge
delivered the following judgment of the court:
BECKEX 11002T. p. Oía
This caso must he determined according to the rules laid down lor the construction of wills, and which have uniformly prevailed. Among others it is a rule, that the construction must be of what appears on the face of the will; that no technical form is neccssaiy to convey the testator's meaning, which must be collected by attending to the several parts of it, and considering and comparing them together; not by an arbitrary construction, but by a violent and strong presumption arising from the several parts of it compared and taken together. A paper was produced and permitted to be read by consent of parties purporting to be a former will of the testator, but the court have taken no notice of it; it was totally revoked by the subsequent will, and therefore ought not to be at al? considered. It was objected, that in the will before us there are no introductory words to shew an intention in the testator to dispose of bis whole estate; but we do not think it at all necessary to have such words introduced. It is to he presumed, when a person sits down to make hia will, that he intends to dispose of his whole estate. Introductory words cannot vary the construction of a devise so as to enlarge the estate of a devisee, unless there are words in the devise itself sufficient to carry the degree of interest contended for; hut wherever they assist to shew the intention of testator, the courts have laid hold of them, as they do of every other circumstance in a will, which may help to guide tlicir judgment to the right and true construction of if. The point before the court, is upon the construction of the residuary clause in the will. It is contended by the complainants, that the residuary clause is so ambiguously expressed that it cannot, but by implication, be construed to dispose of the residue of the personal estate; that the words, “ which I have hereinbefore given and bequeathed to my wife,” are restrictive words, and must have reference to the lands and negroes given to defendant the widow in the former part of the will, wherein the testator had given her an express estate for life. The residuary clause must have some operation; the court cannot reject it altogether, in order to determine that the testator hag; not disposed of his residuary per - *242 sonal estate. If it stands, and the construction contend- ^or *s allowed, it would have the effect totally to defeat the devises to J. Dill and J. Taylor, to whom the lands and negroes are given absolutely after tiie death of do-fondant; and it cannot be presumed that the testator, by a general sweeping clause at the end of his will, intended at one blow to destroy all the former devises and bo-quests of his will. Implication is of two kinds, a necessary and a possible one; and if it bo necessary to supply or reject words to make testator’s intent take effect, so as it is consistent with law, the court will make that necessary implication; as the court of king’s bench did in the case of Robinson and Robinson, in which it was determined, that on the true construction of a will, by necessary implication to effectuate the manifest general intent of the testator’s will a devisee should take an estate in fee, notwithstanding the express estate be for life, and no longer; the latter words were rejected to create an estate tail. And in Coryton and Helier, lord Hardwicke by a construction taken from all parts of the will considered together, to imply the usual qualification, if he should so long lire, in the disposition of the estate, supplied these words, which had been omitted, as he said, by the negligence and ignorance of the writer. This will is most ignorantly drawn, but it is not so dark as that the testator’s meaning from the whole will taken together may not he discovered. It is observed that the complainant Smith is not taken notice of by testator in any part of his will; and complainant Dill no otherwise than as an executor: From which it may fairly be inferred, that the testator thought he had provided sufficiently for the family by giving complainant’s son a plantation and negroes on the death of defendant. She and her children appear to have been the principal objects of his bounty; the children had lived with him from early infancy, and he seems to have adopted them, having no children of his own. in order to come at the testator’s intention, his whole will must be attended to: He first gives his wife sundry negroes absolutely; and the penner of the will, out of abundant caution, and to secure them, as he thought, most effectually, gave *243 them to her and her heirs for ever. In the following clauses he gives her several tracts of hind for life, he then gives oilier tracts to other persons absolutely, reserving however to her an estate for life in them; and also some, negroes, which he had bequeathed to his nephew J. Dill absolutely: Then comes the residuary clause, which is very inaccurately penned; but the court must put suc’t Construction on it as will best answer the testator's intern; for agreeable to the rule in Com. 45, such construction chould be made that all the, words of the will should stand if possible. The court is not conlhied to the order of placing the. words in the will, for to make the sense plainer they should be sometimes transposed. From the ambiguity of the expressions, it would seem as if the testator intended to restrain the bequest to the lands and negroes given in the, former part of the will. It is absurd to calí the lauds and negroes in the foregoing clause's of the will his residuary estate, because they aro bequests of particular parts of his estate; and it would be repugnant and contradictory to those devises, inasmuch as he had be - fore parted with the absolute property by these bequests: And by tbe construction contended for this intent would be entirely defeated, and the first parts of his will overturned. A question is asked, will you reject those words in the residuary bequest? No; but the, court will so construe and expound them that they may hav e effect. Ay, the testator from the. preceding clauses in his will, has given his whole real estate to liis wife for life, and some of his personal, although ho had previously disposed of the fee simple to other persons; and as he has by the last, clause given tin* rest, residue and remainder of his real and personal estate, lo J. E. Taylor and T. Taylor after the death of his wife, manifestly under the. idea that he had given it her for life, and by subsequent words say!-, she shall have those lands and negroes for life,. — the. court are therefore of opinion, that according to the rides of construction, comparing and taking together all the clauses of this will, and by attending to the several parts, of it, by necessary implication, a very violent and strong presumption arises, that testator did not intend to leave. *244 any part of his estate undisposed of: That as the court ought not to strike out entirely any of the words of the will, yet they shoidd so construe and expound them, that they may have effect. Therefore we think, upon the whole of the will taken and collected together, the intent of the testator in the residuary clause is sufficiently appa--rent, and clear to decree that the residue of the testator’s real and personal estate is well bequeathed to his wife the defendant for life, and after her death to J. E. Taylor and Thomas Taylor. — It was therefore decreed, that the bill be dismissed with costs.
a. b. p. 311.